In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-1990

DEERE & COMPANY, a Delaware
corporation, and FUNK
MANUFACTURING COMPANY,
a Kansas corporation,

*Plaintiffs-Appellants*,

*v.*

OHIO GEAR, a South Carolina
corporation, and REGAL-BELOIT,
a Wisconsin corporation,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 02 C 4011—**Joe Billy McDade**, *Judge.*

ARGUED NOVEMBER 29, 2005—DECIDED AUGUST 29, 2006

Before MANION, WILLIAMS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* This diversity action involves a contract dispute over tractor parts supplied by defendant Ohio Gear to plaintiffs Deere & Company and Funk Manufacturing Company (collectively "Deere"). Deere seeks millions of dollars in replacement and repair costs plus consequential damages flowing from Ohio Gear's provision of tractor parts that Deere claims contained defective washers. The district court granted summary judgment for

Ohio Gear because the action was commenced after a contractual one-year limitations period had expired. Deere argues on appeal that the district court abused its discretion in granting Ohio Gear's summary judgment motion before Deere completed expert discovery and filed a response. Deere also argues that the district court erred by applying the contractual one-year limitations period.

We reverse. Because of ongoing discovery disputes over expert witnesses, Deere asked the district court for an enlargement of time to take expert witness discovery and respond to Ohio Gear's motion for summary judgment. The court granted the motion. Ohio Gear, however, was unable to comply with the new expert witness discovery deadline and moved the court for an extension of time to produce its experts for deposition. That motion went undecided for several months. As a consequence, Ohio Gear's experts were not deposed and Deere's deadline to respond to Ohio Gear's summary judgment motion came and went without a response. Without addressing the pending discovery dispute, the district court then treated Deere's failure to respond to the summary judgment motion as an admission (invoking its local court rule) and granted summary judgment for Ohio Gear. Under the procedural circumstances of this case, this was an abuse of discretion. We vacate the summary judgment and remand the case for further proceedings.

## I. Background

The business relationship between Deere and Ohio Gear began with something the parties call the "Clark transaction," a February 1997 deal in which Deere purchased ring-and-pinion sets from Ohio Gear. Deere initiated the Clark transaction by requesting a price quotation from Ohio Gear, and Ohio Gear replied by issuing a written quotation containing its pricing and standard terms and conditions.

Ohio Gear's terms and conditions included:

> 1. AGREEMENT AND LIMITATIONS. . . . Seller objects to and shall not be bound by additional or different terms whether printed or otherwise in Buyer's purchase order or in any other Communication from Buyer to Seller. Such additions and differences in terms shall be considered material and Seller's terms and conditions shall govern.
>
> . . . .
>
> 21. GOVERNING LAW AND LIMITATION. (a) . . . Any action for breach of the Sales Contract must be commenced within one (1) year after the cause of action has accrued and all such claims shall be barred thereafter notwithstanding any statutory period of limitations to the contrary.

Deere accepted Ohio Gear's offer by issuing a written purchase order confirming the quantity and price, and stating Deere's own standard terms and conditions. The relevant terms included on Deere's purchase order were:

> 2. Acceptance. . . . If this Order constitutes an acceptance of an offer, such acceptance is expressly made confidential [sic] on Vendors [sic] assent to the terms of this Order, and shipment of any part of the goods covered hereunder shall be deemed to constitute such assent.
>
> . . . .
>
> 9. Non-waiver. The failure of the Buyer to insist upon strict performance of any terms and conditions hereof, or failure to delay or exercise any rights or remedies provided herein or by law . . . shall not release Vendor of any of the warranties or obligations of this Order, and shall not be deemed a waiver of any right of Buyer . . . of its rights and remedies as to any such goods.

In November 1997 Kevin Kleman, a supply manager at Deere, telephoned Gary Justice, Ohio Gear's general manager, and invited Justice to quote a price at which Ohio Gear could supply differential assemblies for the transmission in Deere's new line of tractors. Deere gave Ohio Gear its design specifications, and on November 24 Justice sent a letter to Kleman quoting a price for ring-and-pinion sets (a subpart of the differential assembly). Justice stated in his offer letter: "The same terms and conditions apply as our current business with you." The "current business" was the Clark transaction. Two days later Justice sent another letter to Kleman that quoted prices for the entire differential assembly. This November 26 letter again advised Kleman that Ohio Gear's standard terms and conditions would apply: "As before, our normal terms and conditions apply." Kleman testified at his deposition that he understood Ohio Gear's references to the "same" or "normal" terms and conditions to mean the terms that governed the parties' Clark transaction.

Justice and Kleman met in person on December 5 and agreed on the essential terms under which Ohio Gear would provide the differential assemblies for Deere's new tractors. At this meeting Kleman gave Justice a "verbal" purchase order that Kleman said was "a commitment for [Ohio Gear] to move ahead." Justice said that they concluded the meeting with a handshake, and that he told Kleman something to the effect of: "As always, the same terms and conditions." Kleman did not recall whether they shook hands or if Justice mentioned anything about the "same terms and conditions." On December 18 Kleman followed up on his verbal purchase order by sending a written purchase order to Ohio Gear. Handwritten on the front of the December 18 purchase order were the words, "confirming PO with Gary Justice 12/5/1997"; Deere's standard terms and conditions were printed on the back.

Ohio Gear manufactured the differential assemblies, shipped them to Deere, and Deere used them in its tractors. In early 1999 Deere's customers started complaining that their tractors were malfunctioning. Deere investigated the complaints and discovered that Ohio Gear had used nonheat-treated washers in some of the differential assemblies, contrary to Deere's manufacturing specifications. Ohio Gear offered to repair the differential assemblies but denied responsibility for Deere's recall costs, lost profits, and other consequential damages. Deere declined Ohio Gear's offered remedy, repaired the assemblies itself, and filed this suit against Ohio Gear on February 4, 2002.

The litigation was protracted and marked by numerous discovery disputes and requests for continuances and extensions, taking nearly three years to reach the eventual summary judgment disposition. Battles over the timeliness and adequacy of Deere's disclosures regarding its damages expert were particularly contentious. By the summer of 2004, the testimony of Deere's damages expert had been barred as a sanction for discovery violations, and discovery and dispositive motion deadlines were reset for July 19 and August 9, 2004, respectively. Ohio Gear filed a timely motion for summary judgment on August 9; Deere filed its own summary judgment motion late, on August 10. (The district court did not strike Deere's motion as untimely, however.)

On September 13 Deere moved to reopen expert witness discovery and, correspondingly, for an extension of time to respond to Ohio Gear's summary judgment motion. Deere asked for these extensions because it had not deposed Ohio Gear's two damages experts; it had previously moved to strike those experts' disclosures and testimony and that motion had not yet been decided by the district court.

On October 6 the district court issued an order modifying in part its prior order barring Deere's damages expert

and reopening discovery for the limited purpose of allow-
ing the experts to be deposed "on or before October 22." The
court also extended Deere's deadline to respond to Ohio
Gear's summary judgment motion to November 5. On
October 8 Ohio Gear's counsel told Deere's counsel that
because of scheduling conflicts he could not produce Ohio
Gear's damages experts by the new October 22 deadline but
could do so on October 25, 26, or 27. Deere's counsel
initially agreed to take the depositions on October 25 and
26 but then changed course, advising Ohio Gear that
although he was available on those dates, he had been
"instructed not to agree to the same without an order
from the court in light of how [the court] ruled on the
discovery violations."

Accordingly, on October 13 Ohio Gear moved for a further
extension of the expert discovery deadline. Deere filed a
response opposing any further extension of time for expert
discovery. Deere did not, however, seek an extension of its
November 5 deadline to respond to Ohio Gear's summary
judgment motion in light of the deposition scheduling
dispute; that deadline passed without any responsive filing
by Deere. On November 10 the district court entered a "text
order" vacating the previously scheduled final pretrial
hearing and trial dates; this order advised the parties that
the court would reset these events "after the Court rules on
the pending summary judgment motions." In the meantime,
Deere filed additional requests for relief stemming from the
protracted dispute over each side's expert witnesses.

The court ruled on the summary judgment motions on
February 3, 2005, granting Ohio Gear's and denying
Deere's. Citing Local Rule 7.1(D)(2),[1] the district court

---

[1]  C.D. ILL. R. 7.1(D)(2) provides: "Within 21 days after service of
a motion for summary judgment, any party opposing the mo-
(continued...)

observed that "[p]laintiffs have not responded although they were given an extension of time to do so and have not requested additional time to respond. . . . Since plaintiffs have not responded, any facts submitted in support of Defendants' Motion for Summary Judgment will be deemed admitted." The district court then held that the uncontroverted evidence showed the one-year limitations period contained in Ohio Gear's quote form governed the action; because the suit was commenced after the expiration of this one-year period, it was untimely. The court also denied as moot all other accumulated motions. The district court denied Deere's subsequent request for relief under Federal Rules of Civil Procedure 59(e) and 60(b), and Deere took this appeal.[2]

## II. Discussion

We review a district court's summary judgment ruling de novo. *Velez v. City of Chi.*, 442 F.3d 1043, 1047 (7th Cir. 2006). A party is entitled to summary judgment when, viewing the pleadings and record evidence in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Velez*, 442 F.3d at 1047 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). The district court's decision to rule on Ohio Gear's summary judgment motion in the absence of a response from Deere is reviewed for abuse of discretion. *Grayson v. O'Neill*, 308 F.3d 808, 815-16 (7th Cir. 2002).

---

[1] (...continued)
tion shall file a response. A failure to respond shall be deemed an admission of the motion."

[2] Deere does not appeal the district court's denial of its own summary judgment motion.

Deere first argues that we should reverse the district court's summary judgment order because the district judge ruled prematurely, before Deere could depose Ohio Gear's damages experts and respond to Ohio Gear's summary judgment motion. When a party thinks it needs additional discovery in order to oppose a motion for summary judgment in the manner Rule 56(e) requires, Rule 56(f) of the Federal Rules of Civil Procedure provides a simple procedure for requesting relief: move for a continuance and submit an affidavit explaining why the additional discovery is necessary.[3] *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996) ("When a party is unable to gather the materials required by Rule 56(e), the proper course is to move for a continuance under Rule 56(f)."). A Rule 56(f) motion must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit. FED. R. CIV. P. 56(f); *Grayson*, 308 F.3d at 816 (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000)).

Deere should have filed a Rule 56(f) motion when it became clear that the parties' expert witness deposition dispute was not going to be resolved prior to the expiration of its extended deadline to respond to Ohio Gear's summary judgment motion. To recap, on September 13, 2004, Deere filed what it called a Motion for Further Testimony under Rule 56(e). In that motion Deere informed the district court that Ohio Gear had not produced its damages experts for depositions and asked for an extension of the discovery

---

[3] "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." FED. R. CIV. P. 56(f).

deadline to allow it to depose these experts before responding to Ohio Gear's summary judgment motion. The court responded with an order entered October 6 that extended the deadline for taking expert depositions to October 22 and gave Deere until November 5 to respond to Ohio Gear's summary judgment motion. Ohio Gear moved on October 13 for even more time to produce its damages experts, citing scheduling conflicts. Deere opposed that motion but did not file a Rule 56(f) motion asking for a continuance of its summary judgment response deadline in light of the ongoing expert witness discovery problems.

Deere apparently proceeded on the assumption that the district court would decide Ohio Gear's October 13 motion regarding the experts' deposition schedule before requiring it to respond to Ohio Gear's summary judgment motion. This was a risky assumption. Deere took the chance that the court would do exactly what it did: apply Local Rule 7.1(D)(2) and deem Deere's failure to respond to Ohio Gear's summary judgment motion an admission of the motion.

Having said that, however, under the particular procedural circumstances of this case, the district court's invocation of Local Rule 7.1(D)(2) was an abuse of discretion. It is of course true that district courts have broad discretion to manage their dockets and that local procedural rules are important case management tools. *Koszola v. Bd. of Educ. of the City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) ("'[W]e have emphasized the importance of local rules and have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.'") (quoting *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002) (internal quotation marks omitted)); *see also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that failure to respond by the nonmovant as mandated by the local rules results in an admission.").

But the case history here gives us pause. By granting Deere's September 13 Rule 56(e) motion, the district court had agreed that the disputed expert witness discovery was necessary to Deere's response to Ohio Gear's summary judgment motion. Ohio Gear's October 13 motion to enlarge the previously extended time for the experts' depositions added some ambiguity to the situation. The court did not decide that motion in a timely fashion. In the meantime, the parties made additional written submissions regarding the scope of the proofs and the need to set new event dates in the case based on the continuing disputes over expert witnesses. Oral argument was requested, but the court did not convene a motion hearing. These matters, too, were left unaddressed. Yet the court proceeded to invoke the local rule, treat the facts as admitted, and enter summary judgment—even though the stack of undecided procedural motions included ones targeting the disputed expert discovery that the court had previously determined was a predicate to Deere's response to the summary judgment motion. The history of the motions practice in this case was such that the court should not have bypassed all the accumulated discovery motions to grant summary judgment on the basis of procedural default.

Deere's backup argument is that the court incorrectly applied the contractual one-year limitations period to find Deere's claims time-barred. The argument is based on UCC § 2-207, the "battle of the forms" provision, and arises in this case because of language in Ohio Gear's quotation form and Deere's purchase order. Specifically, UCC § 2-207(1) rejects the common law "mirror image" rule and provides that a "definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, *unless acceptance is expressly made conditional on assent to the additional or different terms.*" 810 ILL. COMP. STAT. 5/2-207(1) (emphasis added).

Thus, when a buyer's acceptance is expressly made conditional on the seller's assent to the buyer's terms and there is no express assent from the seller, the exchange of forms does not create a formal contract under UCC § 2-207(1). *See, e.g.*, *Northrup Corp. v. Litronic Indus.*, 29 F.3d 1173, 1179-80 (7th Cir. 1994); *Luria Bros. & Co., Inc. v. Pielet Bros. Scrap Iron & Metal, Inc.*, 600 F.2d 103, 113 (7th Cir. 1979); *C. Itoh & Co., Inc. v. Jordan Int'l Co.*, 552 F.2d 1228, 1235-36 (7th Cir. 1977); *see also McCarty v. Verson Allsteel Press Co.*, 411 N.E.2d 936, 945 (Ill. App. Ct. 1980). That is, the buyer's purported acceptance, which expressly requires the seller's specific assent to its differing terms, is effectively a counteroffer and not a "true" acceptance. *See C. Itoh,* 552 F.2d at 1235-36; *see also McCarty,* 411 N.E.2d at 945. However, if the parties perform as if a formal contract had been created, UCC § 2-207(3) comes into play:

> Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this Act.

810 ILL. COMP. STAT. 5/2-207(3); *see also C. Itoh,* 552 F.2d at 1236. The UCC's default limitations period is four years. 810 ILL. COMP. STAT. 5/2-725(1).

The district court did not confront the UCC § 2-207 argument. Instead, the court applied Local Rule 7.1(D)(2) and deemed Deere to have admitted that Ohio Gear's terms controlled the transaction. The district court thus applied the contractual one-year limitations period contained in Ohio Gear's quotation form and entered summary judgment on grounds of untimeliness. But for the "admission"— brought about by application of the local rule—the UCC § 2-

207 issued outlined above would have come into play. We will not address it here, however; the factual record remains incomplete because the district court entered summary judgment prematurely, in the absence of a response from Deere. We conclude only that the district court abused its discretion by invoking Local Rule 7.1(D)(2) under the particular circumstances of this case, and by entering summary judgment without having decided the pending discovery motions and without a response from Deere. The judgment is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.

REVERSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*